Thomas Egan, an Infant, by His Guardian ad Litem, James Egan, Plaintiff, and James Egan, Individually, Appellant, *v.* The City of New York, Respondent.

First Department, February 27, 1942.

*Leon Shalov,* for the appellant.

*Irving Galt* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

Callahan, J. This is a personal injury action. The infant plaintiff sought to recover damages for personal injuries, and his father for medical expenses and loss of services. The jury returned a verdict in favor of the infant for $3,000, and for the father for $1,500. Defendant moved to set the verdicts aside on the grounds specified in section 549 of the Civil Practice Act, including excessiveness. The trial court held that the verdict

for the father was excessive, but instead of granting the motion to set the·same aside absolutely or on specified conditions, denied the motion and reduced the verdict of the father to $300. The motion as to the infant plaintiff was denied.

Plaintiff James Egan (the father) appeals from the judgment in his favor, and from the order denying the defendant's motion to set the verdict aside, but reducing the verdict to $300.

We find no justification for the procedure followed with respect to the father's verdict.

Under section 549 of the Civil Practice Act a judge presiding at a trial by a jury, in his discretion, may set the verdict aside and grant a new trial, because the verdict is excessive or is otherwise contrary to the evidence. Such a disposition may also be made conditionally by providing that the motion be granted unless the party stipulate to accept a fixed sum. There is no authority in law, however, for denying the motion to set aside and at the same time fixing a different amount of damage, and having the sum so fixed stand as the jury's verdict.

While we think that the father's verdict was excessive, we feel that the amount at which the court sought to fix it proposed a greater reduction than was warranted. The proof showed medical expenses of $301, and there was some evidence that the father was deprived of the son's earnings for a short period because of the inability of the son to work, owing to physical disability resulting from the accident. An award of damages up to $500 would not have been excessive.

The judgment so far as appealed from, and the order to the extent that it denies the motion to set aside the verdict of $1,500 in favor of the plaintiff James Egan, and directs that said verdict be reduced to $300, should be reversed, the motion to set aside said verdict granted, and a new trial ordered as to James Egan's cause of action unless said plaintiff stipulates to reduce the verdict in his favor to the sum of $500; in which event the judgment in that respect, as so modified, should be affirmed, with costs to the appellant.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment so far as appealed from, and the order to the extent that it denies the motion to set aside the verdict of $1,500 in favor of the plaintiff James Egan, and directs that said verdict be reduced to $300, unanimously reversed, the motion to set aside said verdict granted, and a new trial ordered as to James Egan's cause of action unless said plaintiff stipulates to reduce the verdict in his favor to the sum of $500; in which event the judgment in that respect, as so modified, is affirmed, with costs to the appellant. Settle order on notice.