to establish that plaintiff has been damaged. The amounts represented by the checks are concededly due plaintiff and it is familiar law that payment of an admitted liability is not payment of or consideration for an alleged accord and satisfaction of another and independent liability. (1 N. Y. Jur., Accord & Satisfaction, § 24; *Mance v. Hossington,* 205 N. Y. 33, 36; *Van Dyke Prods. v. Eastman Kodak Co.,* 16 A D 2d 366, 371–372, affd. 12 N Y 2d 301). If plaintiff may indorse and cash the checks without jeopardizing his right to pursue such other claims as he may have arising out of the partnership relation it follows that the amended complaint states no cause of action. (Appeal from judgment of Erie Trial Term granting motion to dismiss complaint.) Present — Bastow, P. J., Del Vecchio, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. B. C. WHITE, Appellant.— Order unanimously affirmed. Memorandum: Although appellant's petition lacks sufficient allegations of fact to warrant a hearing thereon, he should be given an opportunity, by amended petition, to set forth such facts, if they exist. (Appeal from order of Oneida County Court, denying motion for resentence, without a hearing.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.

■ ROSEMARIE FERRO, an Infant, by Her Guardian ad Litem, JOSEPH FERRO, et al., Appellants-Respondents, v. RICHARD MALINE et al., Respondents-Appellants.— Judgment unanimously modified on the law and facts to provide that a new trial is granted on the issue of damages only, without costs to any party, unless within 20 days after service upon plaintiffs of copies of the order to be entered hereon with notice of entry respective plaintiffs shall stipulate to reduce the verdicts to the sums of $7,500 and $1,000, respectively, in which event the judgment is modified accordingly and, as modified, affirmed, without costs to any party. Memorandum: In this negligence action a jury returned verdicts for the infant plaintiff in the sum of $17,000 and for the father in his derivative action in the sum of $1,500. Defendants moved to set aside the verdicts on the grounds that they were contrary to the evidence and excessive. The trial court did not pass on these motions but instead absolutely and unconditionally reduced the verdicts to $7,500 and $1,000 respectively. This, of course, was error and constituted a usurpation by the court of the function of the jury to assess damages where, as in a negligence case, they are not liquidated (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.10; 8 Carmody-Wait 2d, New York Practice, § 62.37; *Egan v. City of New York,* 263 App. Div. 387; *Duke v. Fargo,* 172 App. Div. 746). The proper procedure would have been to direct a new trial on the issue of damages alone unless the respective plaintiffs stipulated to remit the amounts the trial court found to be excessive. (CPLR 4404, par. [a]; *Mollitor v. Smith,* 24 A D 2d 497.) Inasmuch as all parties have appealed from the judgment as entered we modify to implement properly the decision of the trial court and at the same time preserve the right to have a jury pass on the issue of damages anew if the plaintiffs do not stipulate to accept the reduced amounts. (Appeals from judgment of Oneida Trial Term in automobile negligence action.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.

■ In the Matter of SANDRA H. PULCINI, Respondent, v. GARY HACK et al., Appellants. (No. 3.) — Appeal dismissed as academic. (Appeal from order of Wayne Family Court denying motion for a stay.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Henry, JJ.

■ In the Matter of SANDRA H. PULCINI, Respondent, v. GARY HACK et al., Appellants. (No. 4.) — Appeal dismissed, without costs as nonappealable. Memorandum: An appeal does not lie from a show cause order (11 Carmody-Wait 2d, New York Practice, § 72:20). (Appeal from order of