■ JUDITH CLARK, Respondent, v. JOSEPH DONOVAN et al., Appellants.— Judgment unanimously modified by reversing on the law and facts and in the interest of justice and granting a new trial with respect to defendants Olson and Service Transport Company, with costs to abide the event, and judgment unanimously affirmed with respect to defendant Donovan, with costs. Memorandum: The evidence of the excessive speed of the Donovan vehicle was all-pervasive upon this trial. Under the circumstances it was against the weight of the credible evidence for the jury to find, as they must have, that the alleged negligence of defendants Olson and Service Transport Company in crossing to the south side of the highway sooner than necessary to make the turn into the service station was the proximate cause of the accident. Moreover, the charge was inadequate and confusing in certain respects. The Trial Justice failed to explain the applicability, if any, of subdivision (a) of section 1125 and section 1126 of the Vehicle and Traffic Law which he charged, and in charging the doctrine of last clear chance he stated that "this is the rather complicated doctrine * * * and it is rather hard to explain", proceeded to give the history of the doctrine, referring to railroad crossings and trestles and repeated, "It's a very complicated doctrine". That the jury were confused is evidenced by their later questions to the court concerning it. "Where a charge is so inadequate as to preclude fair consideration by the jury of the

issues, the judgment entered on the resulting verdict will be reversed and a new trial ordered " (*U. S. Vitamin & Pharmaceutical Corp.* v. *Capitol Cold Stor. Co.*, 21 A D 2d 661). Although exceptions were not taken to the errors in the charge, reversal may be based thereon in the interest of justice (*U. S. Vitamin & Pharmaceutical Corp.* v. *Capitol Cold Stor. Co., supra; Van* v. *Clayburn,* 21 A D 2d 144, 147). These errors, however, did not adversely affect defendant Donovan in his defense of plaintiff's action. We observe that the Trial Justice correctly excluded the testimony of witnesses as to alleged statements of speed by the plaintiff over the citizens' band radio, installed in the Donovan automobile, while en route shortly before the accident inasmuch as there was no proper proof of the identification of the voice of the speaker (*Mankes* v. *Fishman,* 163 App. Div. 789; and see *Ruegg* v. *Fairfield Securities Corp.,* 308 N. Y. 313; *Walker Discount Corp.* v. *Sapin,* 48 Misc 2d 277). (Appeal from judgment of Erie Supreme Court in automobile negligence action.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.