■ SEYMOUR KUPITZ, as Administrator of the Estate of STANLEY A. KUPITZ, Deceased, Respondent-Appellant, v. RICHARD ELLIOTT et al., Appellants-Respondents, and BONNIE H. ALPER, Respondent.— Judgment of the Supreme Court, Bronx County, entered June 27, 1972, unanimously modified, on the law and the facts, to provide that a new trial is granted on the issue of damages only on the cause of action for conscious pain and suffering, and otherwise affirmed, without costs and without disbursements, unless within 20 days after service upon plaintiff by defendants of a copy of the order entered hereon, with notice of entry, the plaintiff serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict on that cause of action to $10,000, in which event the judgment as so amended and reduced is affirmed, without costs and without disbursements. In this action brought for wrongful death and conscious pain and suffering, a jury returned a verdict in the sum of $150,000 on the wrongful death cause of action and $50,000 for conscious pain and suffering. Defendants moved to set aside the verdict as against the weight of the credible evidence and as excessive. The trial court granted that motion to the extent only of reducing the verdict upon the second cause of action for conscious pain and suffering from $50,000 to $10,000. Defendants have appealed from the entire judgment and plaintiff has cross-appealed only from that part which reduced the verdict for conscious pain and suffering. It was error for the trial court, absolutely and unconditionally, to reduce the verdict for conscious pain and suffering and to have the sum so fixed stand as the jury's verdict. This constituted a usurpation by the court of the function of the jury to assess damages. Proper procedure required that the trial court direct a new trial on the issue of damages only unless the plaintiff stipulated to remit the amount the trial court found to be excessive. (*Ferro* v. *Maline*, 31 A D 2d 779; *Premier Knitting Co.*, v. *George Raptis Yarns, Inc.*, 284 App. Div. 960, affd. 309 N. Y. 959; *Egan* v. *City of New York*, 263 App. Div. 387; *Duke* v. *Fargo*, 172 App. Div. 746.) We agree with the trial court that the verdict of the jury for conscious pain and suffering was excessive and that $10,000 would be a more appropriate figure. Consequently we modify the judgment to implement properly the decision of the trial court in reducing the verdict, but at the same time afford the plaintiff the opportunity to stipulate to accept the reduced amount or obtain a new jury trial on that cause of action. In all other respects, the judgment is affirmed. Concur — Stevens, P. J., Markewich, Nunez, Tilzer and Capozzoli, JJ.