■ LOUIS E. HAUSER, an Infant, by His Father and Natural Guardian, JOSEPH T. HAUSER, et al., Appellants, v SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT No. 1 et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Rockland County, entered October 30, 1974, in favor of defendants, upon a jury verdict. Judgment affirmed, with costs. We hold that the charge to the jury was adequate. Had the trial court charged as requested by plaintiffs, it would have been tantamount to a directed verdict for them and, upon the evidence, such a charge would have been erroneous. Hopkins, Acting P. J., Margett, Christ and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse and grant a new trial, with the following memorandum: The 12-year-old infant plaintiff, Louis E. Hauser, who was somewhat overweight, was injured while attempting a running high jump during a gymnasium class. Just before this he and several other students failed to clear the bar. There was conflicting evidence as to whether the bar was raised after these unsuccessful jumps and whether Louis was told by his teacher to try again at the greater height. In any event, he did attempt a second jump and was injured when he again failed to clear the bar. Under these circumstances, plaintiffs were entitled to a charge (as substantially requested by them) that if the teacher knew or should have known that Louis had failed to clear the bar on his first jump, but nevertheless had the bar raised and permitted or encouraged Louis to attempt to clear it, and if the jury believed that the second jump, in the light of all the circumstances, was an inherently dangerous activity for. Louis, the jury could render a verdict for plaintiffs, subject, of course, to the *caveat* of contributory negligence (cf. *Desposito v Roman Catholic Diocese of Brooklyn,* 19 NY2d 705; *Brooks v Board of Educ. of City of N. Y.,* 12 NY2d 971). The charge, as given, was not sufficiently specific in this respect *(Green v Downs,* 27 NY2d 205, 208–209; *Clark v Donovan,* 34 AD2d 1099, 1100). On the law and in the interest of justice, there should be a new trial.