■ GERARD LA PORTE as Parent and Natural Guardian of VICTORIA LA PORTE, an Infant, et al., Appellants, v BOARD OF EDUCATION OF THE GREATER AMSTERDAM SCHOOL DISTRICT et al., Respondents.—Appeal (1) from a judgment of the Supreme Court in favor of defendants, entered October 8, 1975 in Montgomery County, upon a verdict rendered at a Trial Term, and (2) from an order of said court which denied plaintiffs' motion to set aside the verdict. While in a high school chemistry class, the plaintiff was burned when she inadvertently knocked over a bottle of sulfuric acid and spilled some of its contents on her arms and legs. She was given attention by her instructor and then by the school nurse who sent her to the hospital. The instant lawsuit against the board of education and her classroom teacher followed. The jury returned verdicts of no cause of action in both the infant's case and the derivative action brought by her father. Upon the trial court's refusal to set aside the verdict as against the weight of the evidence, this appeal ensued. No exceptions were taken to the charge. We agree with the Trial Judge that sharp questions of fact were presented to the jury on both the questions of negligence and contributory negligence. The fact that it was the infant-plaintiff who knocked over the bottle of sulfuric acid raises a question of contributory negligence. The motion to set aside the verdict in favor of a defendant should not be granted unless the evidence preponderates so greatly in the plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence *(Olsen v Chase Manhattan Bank,* 9 NY2d 829; *Zipay v Benson,* 57 AD2d 683; *McDowell v Di Pronio,* 52 AD2d 749). The trial court properly, and without exception, charged the jury as to negligence and contributory negligence. On this record, the jury's resolution of those questions should not be disturbed. We note that although the notice of appeal states that misconduct of a juror was a further ground for reversal, the matter was not briefed by either side, and the record fails to reveal any reason to disturb the verdict on this ground. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.