■ JOSEPH R. TRIPOLI, Individually and as a Shareholder of and in the Right of Onondaga Landfill Systems, Inc., et al., Appellants-Respondents, v DOMINIC TRIPOLI et al., Respondents-Appellants. DOMINIC TRIPOLI, Individually and Derivatively on Behalf of Onondaga Landfill Systems, Inc., Respondent-Appellant, v JOSEPH R. TRIPOLI et al., Appellants-Respondents. — Order unanimously reversed, with costs, and verdict reinstated. Memorandum: Plaintiffs, Joseph and Mary Tripoli, appeal from an order which set aside a jury verdict in their favor and ordered a new trial on all issues. Defendants, Dominic and Genevieve Tripoli, Bruce Jacobs and Onondaga Landfill Systems, Inc. (OLSI), also appeal the order insofar as it failed to grant judgment awarding Joseph and Dominic each 50% of the OLSI stock. This dispute arises out of a conflict between two brothers, Joseph and Dominic, over the correct apportionment of the capital stock in OLSI, a landfill business. Dominic contends that the two brothers simply agreed to be equal partners. However, Joseph contends that the agreement was that Dominic's ownership, up to 50%, was contingent upon his proportional contribution of money, to equal Joseph's financing and services in arranging the purchase of the landfill. Both Dominic and Joseph testified in support of their positions and other witnesses testified to different agreements. Evidence was also presented showing the contributions made by Joseph in the arrangement of financing for OLSI and the purchase of the landfill, as well as Dominic's failure to provide any money for the landfill purchase. In its charge to the jury, the court instructed it to answer two specific questions: first, if there was an agreement between the brothers; and, second, if there was a valid agreement, to determine in what proportion each of the brothers was entitled to stock in OLSI. The jury decided that there was a valid agreement and determined that Joseph was entitled to 70% of the stock and Dominic to 30%. Pursuant to a CPLR 4404 (subd [a]) motion, Dominic moved to set aside the verdict as against the weight of the evidence, and to enter judgment in favor of a 50/50 stock split or, in the alternative, to grant a new trial. The court held that the verdict was against the weight of the evidence because there had not been any testimony as to a 70/30 split, and ordered a new trial on all issues. It is well settled that a motion under CPLR 4404 (subd [a]) should not be granted unless the verdict is palpably wrong and there is no basis upon which the jury could reach it upon any fair interpretation of the evidence (*Kimberly-Clark Corp. v Power Auth. of State of N. Y.*, 35 AD2d 330; *Clark v Donovan*, 34 AD2d 1099, app dsmd 31 NY2d 661; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.09). The resolution of conflicting evidence and the credibility of witnesses is for the jury to detemine (*Swensson v New York, Albany Desp. Co.*, 309 NY 497). Here, there was ample evidence to support the jury's finding of an agreement; neither party disputes the presence of an agreement, only its terms are in dispute. While the evidence as to the terms of the agreement for the proportional ownership of OLSI stock was conflicting, the jury was entitled to accept Joseph's view that it was contingent upon proportional contributions of services and money towards financing the landfill. Even though Joseph claimed his services entitled him to between 75 and 100% of the stock, the jury is not bound by this evaluation of his services (see *Newburgh Dress Co. v Nadler & Nadler*, 251 App Div 330; *Hogan v Rosenthal*, 127 App Div 312). There are no claims of any new additional evidence, nor were there any claims of prejudicial error during the trial. Consequently, a new trial on the issues would merely be duplicative and

unjustified in light of a rational basis in the evidence for the jury's verdict. (Appeals from order of Onondaga Supreme Court, O'Donnell, J. — set aside verdict.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Moule, JJ.