■ EDMUND H. CASSE et al., Respondents-Appellants, v HARLEM PAPER PRODUCTS CORP., Appellant-Respondent. — In a negligence action to recover damages for personal injuries, etc., the parties cross-appeal from (1) an order of the Supreme Court, Queens County (Lakritz, J.), dated September 17, 1980, which granted that branch of plaintiffs' motion which was to set aside a jury verdict on the issue of damages and ordered a new trial on said issue only, but denied that branch of the motion which was to set aside the jury verdict as to liability apportionment and (2) an order of the same court, dated January 26, 1981, which directed an interlocutory judgment to be entered in favor of plaintiffs on the issue of liability and apportioned liability of 46% against defendant and 54% against plaintiffs. Order dated January 26, 1981 affirmed, without costs or disbursements. Order dated September 17, 1980 reversed, on the law, without costs or disbursements, and new trial granted with respect to the issue of damages only, unless, within 20 days after service upon the defendant of a copy of the order to be entered hereon, together with notice of entry, it shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in plaintiff Edmund Casse's favor to $38,038.85, less 54% of that amount, in which event the order as so increased and amended is affirmed, without costs or disbursements. As a result of plaintiff Edmund Casse's (plaintiff) fall on defendant's property, he suffered a Monteggia fracture of the left elbow. It was undisputed that plaintiff's elbow was dislocated, that he sustained a comminuted fracture of the ulna, the radial head of the elbow was fractured, and the radial nerve was injured. It was further undisputed that plaintiff had to wear a cast on his left arm for several months and that he had to undergo surgery on two occasions, each involving hospitalization. Finally, defendant's expert did not dispute the opinion of plaintiffs' expert to the effect that there was at least some loss of flexion in the arm, some weakness, and residual osteoarthitis. The jury found that total damages suffered by plaintiff came to $23,038.85. Upon questioning by the court, the jury revealed that it had itemized the verdict in the following manner: $16,000 for loss of earnings, $1,500 for pain and suffering, and the remainder special damages for actual medical bills. The jury indicated that it had made special findings and had broken down the verdict into its component parts. The court had never suggested that special findings should be made. On this record, we agree with the trial court that an award of $1,500 for pain and suffering was inadequate. The sum of $16,500 is more representative of plaintiff's pain and suffering (cf. *Welty v Brown,* 57 AD2d 1000, app dsmd 42 NY2d 995; *Pinelli v Mall Ice Skating Rink,* 59 AD2d 839). The award of damages was inadequate in view of the nature and extent of plaintiff's injuries, and we have conditioned the avoidance of a new trial as to damages on the defendant agreeing upon the within stipulation (CPLR 5522; *O'Connor v Papertsian,* 309 NY 465). We have examined the remaining contentions of the parties and find them to be without merit. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.