■ EVELYN LADD, as Administratrix of the Estate of HOWARD A. WOOD, Deceased, Respondent-Appellant, v DANIEL PARKHURST, Defendant, and GUILFORD W. RHINEHART, Appellant-Respondent. — Judgment unanimously vacated, without costs, and a new trial granted on the issue of damages only. Memorandum: In this wrongful death action a jury returned a verdict for $3,500 in favor of plaintiff against defendants Daniel Parkhurst and Guilford W. Rhinehart. Upon notice only to Rhinehart, plaintiff moved to set aside the verdict as inadequate and contrary to the weight of evidence. Trial Term granted the motion, set aside the verdict and directed that judgment be entered against defendant Rhinehart in the amount of $17,500, or if Rhinehart did not agree to pay that amount, a new trial was to be held on the issue of damages only. The following day judgment was entered against defendant Rhinehart in the amount of $17,500, plus costs and disbursements. Rhinehart had appealed from the entire judgment and plaintiff has cross-appealed, claiming that the award is still inadequate. The record contains sufficient evidence to support the jury's finding that defendant Parkhurst was negligent in operating the automobile at the time of the accident which resulted in the death of plaintiff's decedent. The question of whether Parkhurst's use of the vehicle owned by Rhinehart was outside the scope of permission was properly submitted to the jury and the evidence supports its finding. Further, although the facts justify setting aside the verdict as inadequate, Trial Term should not have entered judgment for an increased amount absent a written stipulation by defendant. The proper procedure would have been to direct a new trial on the issue of damages alone unless Rhinehart stipulated in writing to an increased award (CPLR 4404, subd [a]; *Kupitz v Elliott*, 42 AD2d 898; *Ferro v Maline*, 31 AD2d 779). In reviewing a jury verdict on damages an appellate court, like a trial court, may, if it determines such verdict to be inadequate as a matter of law, properly place a value on plaintiff's injuries equal to the maximum amount a jury would be warranted in awarding and afford the defendant the opportunity to pay the increased amount rather than be subjected to a new trial (*O'Connor v Papertsian,* 309 NY 465; *Casse v Harlem Paper Prods. Corp.,* 84 AD2d 742; *Crawford v Town of Hamburg,* 19 AD2d 100, 106). Under the circumstances of the instant case, however, and in the exercise

of our discretion, we remit the matter for a new trial solely on the issue of damages. (Appeals from judgment of Supreme Court, Oswego County, Donovan, J. — wrongful death — increased damages.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ.