■ Eliah Behar, as Administrator of the Estate of Eric C. Behar, Deceased, Appellant, v Benjamin Ordover et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered July 25, 1983, as, upon a jury verdict, awarded him only the principal sum of $25,000.

Judgment reversed, insofar as appealed from, on the facts, without costs or disbursements, and matter remitted to Trial

Term for a new trial solely on the issue of damages, unless within 20 days after service upon defendants of a copy of the order to be made hereon, together with notice of entry, they shall serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages against them to the principal sum of $60,000 and to the entry of an amended judgment accordingly. In the event that defendants so stipulate, then the judgment, as so increased and amended, is affirmed, insofar as appealed from, without costs or disbursements.

Based upon our review of the record herein, we find that the jury's award of damages was inadequate to the extent indicated.

This action arises out of an automobile accident in which plaintiff's decedent, who died some 13 months after the accident of causes unrelated thereto, was seriously injured while riding as a passenger in a car owned by defendant Benjamin Ordover and driven by defendant Mark Ordover. The accident occurred as the decedent, who was 19 years of age at the time, and defendant Mark Ordover were returning home from New York City on the Meadowbrook Parkway in Nassau County in the early morning hours, when the car in which they were riding suddenly veered off the road and crashed violently into the trees alongside the highway. Decedent was taken from the scene by ambulance to Nassau County Community Hospital. He suffered multiple injuries, including a transverse fracture of the right femur, concussion, resulting in loss of consciousness, lacerations of the face and head and a sprain of the right ankle. When his father arrived at the hospital, he saw the decedent lying on a stretcher, his face covered with blood, crying in pain.

The sole issue for resolution at trial was the amount of damages to be awarded, since the question of liability had been previously determined in plaintiff's favor by this court upon a motion for summary judgment (*Behar v Ordover*, 92 AD2d 557).

The principal injury suffered by decedent as a result of the accident was the complete break of the right femur. The testimony at trial revealed that because the femur is the body's strongest bone, it would require a violent impact or force to break it, and that such a break would cause great pain. Further, where, as here, the break is complete, it allows the bone parts to be forced together by the surrounding muscles, thus shortening the limb and intensifying the pain. Immediately after the accident, decedent's leg was placed in traction to steady the sections of the fractured bone and to keep them apart. As part of this procedure, a hole was drilled through decedent's shinbone and a steel pin inserted. The pin, which protruded on each side of the

leg, served as an anchor for the traction harness. After approximately nine days in traction, decedent underwent major surgery to repair the fracture. A hole was drilled through the leg extending from the lower portion to the upper portion and then up through the buttock. A metal rod was then inserted into the bone to secure the fracture. During the two-week period in which defendant was hospitalized, he was administered various pain-killing drugs.

As noted, in addition to the injuries to his leg, decedent also suffered a sprained ankle, a concussion and lacerations on his forehead. This latter injury left scars which were scheduled to be removed by plastic surgery had decedent not died.

After his release from the hospital, decedent continued to have pain and discomfort in his leg for several months. A particular cause of discomfort was the metal rod in the leg which made sitting difficult. The rod, which would have been removed eventually, remained in decedent's leg up until the time of his death. The record also reveals that the decedent lost a semester of college as a result of his injuries and was required to refrain from engaging in contact sports in which he had been previously involved.

In view of the nature and extent of the decedent's injuries, we find that the award of damages was inadequate. We have conditioned the avoidance of a new trial upon defendants' agreeing to increase the amount awarded to that which we consider more appropriate under the circumstances (CPLR 5522; *O'Connor v Papertsian,* 309 NY 465; *Casse v Harlem Papers Prods. Corp.,* 84 AD2d 742). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.