■ BERNICE C. LENAHAN et al., Respondents, v ROBERT A. GOUCHER, Appellant. — Mahoney, P. J. Appeal from a judgment

of the Supreme Court in favor of plaintiffs, entered May 7, 1984 in Ulster County, upon an order rendered at Trial Term (Bradley, J.), which granted plaintiffs' motion to vacate so much of the verdict as assessed culpable conduct on the part of plaintiffs and ordered judgment entered on the remainder of the verdict.

This action arose out of a February 22, 1977 accident in which an automobile owned by Dennis A. Lenahan and operated by his wife, Bernice C. Lenahan (hereinafter plaintiff), was struck from behind by a truck operated by defendant. Plaintiff and her husband commenced this action setting forth a personal injury cause of action on the part of plaintiff and derivative and property damage causes of action on behalf of the husband.[*] Defendant answered and alleged negligence on plaintiff's part. After a trial, a jury found both defendant and plaintiff negligent and assessed 65% culpable conduct to defendant and 35% to plaintiff. The jury found $125,000 in damages on plaintiff's personal injury action and $6,000 on the derivative action. Trial Term granted a postverdict motion and vacated so much of the verdict as attributed 35% culpable conduct to plaintiff. This appeal by defendant ensued.

While matters of credibility of witnesses and apportionment of liability are matters for the jury, its findings will be set aside if its conclusion could not have been reached on any fair interpretation of the evidence (see, La Porte v Board of Educ., 57 AD2d 1029). In the instant case, the testimony establishes that plaintiff was proceeding westerly on a two-lane city street when she came upon two automobiles ahead of her which were stopped in the westbound lane behind a department of public works truck. The truck was stopped and, though pulled over onto the shoulder of the westbound lane, was partially blocking the lane. The cars, in turn, pulled out around the truck and passed it. As plaintiff started to do so, the truck operated by defendant struck her from behind. Defendant testified that as he slowed down behind plaintiff's automobile, she started moving forward. She then suddenly stopped and defendant did not have time to do so before the truck struck her car. While it is true that an abrupt, unexplained stop, without warning, can constitute negligence (see, Walczyk v Chresfield, 52 AD2d 601, 602, affd 42 NY2d 934), that is manifestly not the case herein. Even accepting defendant's testimony as true, the stop was neither unexplained nor without warning. Defendant admitted that he saw the traffic tie-up and the department of public works truck at least one block in advance. Thus, he was clearly on notice of the obstacle

---

[*] The property damage action was not submitted to the jury and, thus, was apparently settled or withdrawn.

ahead. Moreover, he admitted that he was driving at a speed of 15 to 20 miles per hour and that he was traveling at that speed at the time of the collision. Since plaintiff's automobile had to proceed partially into the eastbound lane to pass the department of public works truck, defendant was certainly warned that she would have to proceed slowly, or even stop, in order to do so safely.

Upon our review of the record, Trial Term properly held that no reasonable view of the evidence could support a finding of any degree of culpable conduct on the part of plaintiff.

Judgment affirmed, with costs. Mahoney, P. J., Main, Weiss and Levine, JJ., concur; Yesawich, Jr., J., dissents in the following memorandum.

Yesawich Jr., J. (dissenting). The only proof bearing upon the actual happening of this accident consists of the conflicting versions testified to by the two drivers involved. Assessing the parties' testimony was the special function of the jury, and its resolution of credibility and disputed fact issues is not to be facilely dismissed (*see, Ellis v Hoelzel,* 57 AD2d 968, 969; *La Porte v Board of Educ.,* 57 AD2d 1029). On defendant's testimony, the jury could have found plaintiff Bernice C. Lenahan to be 35% responsible for the collision because, after starting to pass the parked public works truck, she needlessly came to a sudden stop without warning and in the absence of any oncoming traffic (*see, Walczyk v Chresfield,* 52 AD2d 601, 602, *affd* 42 NY2d 934). As plaintiff acknowledged, the westbound cars preceding her halted for the public works vehicle and then proceeded around it "[a]ll in one motion because Lucas Avenue is not conducive to sneaking out and looking. You commit yourself or you don't go." Since evidence in plaintiff's favor is not so great that the jury could not have reached the conclusion it did upon any fair interpretation of the evidence (*see, Buscaglia v Olka,* 101 AD2d 713, 714), the jury's verdict should be reinstated.