OPINION OF THE COURT
Theodore Diamond, J.
For purposes of this opinion, the jury found defendant *661 negligent, and plaintiff guilty of culpable conduct contributing to the damages. CPLR 4401 motions regarding these answers were denied. The jury answer to question 5, apportionment, was 2.5% plaintiff and 97.5% defendant, by a vote of 5-1.
Because the allocation is "contrary to the weight of the evidence,” defendant moves to increase plaintiff’s share of the blame, or alternatively for a new trial. How to proceed? While CPLR is replete with references to verdicts, and jury answers are "special verdicts,” it is awkward to apply concepts designed for general verdicts to only one of six jury answers.
The sections on verdicts in the treatises do not discuss the proper procedure when one answer to several questions in a special verdict or interrogatories is not supported by the evidence, but is consistent with the other answers and/or the general verdict. The discussions and cases cited focus on how to proceed when answers are inconsistent within themselves, or with a general verdict. (See, 4 Weinstein-Korn-Miller, NY Civ Prac H 4111.01-4111.12; Siegel, NY Prac § 399; Wachtel & Mirvis, New York Practice Under the CPLR, at 454-458; 8 Carmody-Wait 2d, NY Prac § 58:12).
In the instant case, the jury answered six questions and all answers were consistent with each other, but the answer to question 5, which apportioned liability, is the subject of motions to set aside that answer as being against the weight of the evidence. Looking at the treatise discussions of CPLR 4404 motions to set aside the verdict, the standard is that "[a]s a general rule, a jury verdict may not be set aside unless it plainly appears that the evidence so preponderates in favor of the other side that such verdict could not have been reached on any fair interpretation of the evidence” (8 Carmody-Wait 2d, NY Prac § 62:6; La Porte v Board of Educ., 57 AD2d 1029; Tripoli v Tripoli, 83 AD2d 764 [motion should not be granted unless verdict is palpably wrong and there is no basis upon which the jury could reach it upon any fair interpretation of the evidence]; Lincoln v Austic, 60 AD2d 487 [to justify setting aside a verdict as contrary to the weight of the evidence, a finding must be made that it could not have been reached upon any fair interpretation of the evidence]). (See, 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4404.06-4404.10; Siegel, NY Prac § 406; Wachtel & Mirvis, New York Practice Under the CPLR, at 458-459; 8 Carmody-Wait 2d, NY Prac § 62:6.)
Based on the testimony, the apportionment answer is clearly against the weight of the evidence. Plaintiff’s share of *662 the blame was higher; but how much higher, and who is to decide? Having previously ruled that there was an apportionment issue for the jury, I cannot arrogate to myself power to decide the question just because the jury’s apportionment answer cannot stand. Alternatively, it would be foolish to tie up the court, attorneys and litigants, with a new trial on apportionment of fault, which would take a full week, just to answer one question.
While unable to determine allocation percentage, I can rule —as a matter of law — that any allocation which found plaintiff less than 10% at fault would be against the weight of the evidence.
In cases where courts have been faced with motions to set aside the verdict where damages awards are excessive or inadequate, it is common to grant the motion conditionally. That is, a new trial is granted unless the parties stipulate to a larger or lesser amount of damages. (Durso v City of New York, 96 AD2d 458 [new trial would be granted on the issue of damages unless plaintiff consented to reduced verdict, since damages were excessive to the extent indicated].)
Although the cases point out that it would be error for the court to usurp the jury’s function by unconditionally substituting a different award, it appears clear that the proper procedure is to direct a new trial on damages unless the plaintiff agrees to remit to the court the amount found excessive (Kupitz v Elliott, 42 AD2d 898; Ferro v Maline, 31 AD2d 779); or unless the defendant stipulates to an increased award (Ladd v Parkhurst, 87 AD2d 971).
It also appears that this procedure has generally been used in situations where the jury finding is not so far removed from the figure found by the court above which damages are excessive, or below which they are inadequate as a matter of law, so as to make the court’s action a usurpation of the function of the jury. (See generally, 8 Carmody-Wait 2d, NY Prac § 62:7.)
Here, the defendant seeks to set aside the apportionment of liability, rather than the damages award, as against the weight of the evidence. The apportionment finding is not so far removed from an apportionment that the evidence will support. Rather than attempting to usurp the jury’s function by setting a different apportionment, it is proper to grant a new trial unless the plaintiff will stipulate that any finding that plaintiff is less than 10% negligent is against the weight of the evidence.
*663 Defendant’s motion for a new trial is granted, only with respect to question 5 on apportionment, unless plaintiff’s attorney stipulates, by letter to defendant’s attorney no later than September 1, 1986, to a 10%-90% apportionment. If done, the motion for a new trial is denied.
Any remaining motions not previously decided, or determined here, are denied.
The parties may settle an order, a stipulation, or a judgment — as they see fit — in accordance with this decision.