■ LAURENCE E. LEWIS, Doing Business as CUSTOM BROKERS, Respondent-Appellant, v KENNETH WELTON et al., Defendants, and FRANK GALLEA, Appellant-Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant Gallea appeals from a jury verdict in favor of plaintiff in this action to recover a broker's commission. Plaintiff and Gallea entered into a written commission agreement for the sale of his liquor store, which provides a 10% commission if a party shown the business by plaintiff purchased it. Gallea contends plaintiff failed to prove that he ever physically brought the purchaser to the premises, and therefore did not "show" the premises within the meaning of the agreement. The trial court properly rejected defendant's motion and submitted the case to the jury.

No evidence having been submitted with respect to the meaning of the word "showed" as used in the agreement, it was for the court in the first instance to construe the document and to interpret its language *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554-555). The trial court's use of the dictionary definition of the word "showed" in its charge accorded to the word a "fair and reasonable meaning" *(Heller v Pope,* 250 NY 132, 135). The balance of the court's charge was not objected to by either party. There being evidence in the record to support the verdict, it should not be disturbed *(Tripoli v Tripoli,* 83 AD2d 764, *affd* 56 NY2d 684).

The court reserved to itself the computation of damages. The agreement defined "sales price" to include the value of inventory. The court erred, therefore, in applying the 10% commission to only the base price exclusive of inventory and the award is increased to $26,310.48. (Appeals from judgment of Supreme Court, Monroe County, Siracuse, J.—breach of contract.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.