■ CAROL CLARK, Appellant, v BERNARD FLANDERS et al., Respondents.—Yesawich, Jr., J.

Plaintiff was seriously injured when, on July 10, 1979, the automobile she was driving ran into the rear end of a dump truck, operated by defendant Bernard Flanders and owned by defendant Flanders & Krester, Inc., which was stopping or stopped to allow oncoming traffic to clear before executing a left-hand turn. When the accident happened, said to be near 8:00 A.M., the weather was clear and dry and the roadway, which plaintiff was familiar with, was straight and level and her view of the truck, which she had been following for several miles, was admittedly unobstructed. In her negligence suit, plaintiff attempted to prove that the dump truck stopped suddenly and without warning, and suggested that the truck did not have operational rear signals. Defendants, on the other hand, attributed the accident to the likelihood that plaintiff was inattentive, driving too fast or traveling too

closely. Defendants produced, *inter alia,* the driver of an oncoming vehicle, who testified that the truck's left turn signal was flashing, and the driver of a vehicle following plaintiff, who testified to seeing a red light on the rear of the truck illuminated prior to the collision. Plaintiff appeals from the judgment entered on the jury's verdict of no cause of action and from Supreme Court's denial of plaintiff's motion to set aside the verdict and grant a new trial. We affirm.

This appeal is based primarily on the untenable proposition that only plaintiff's version of the occurrence is supported by the evidence adduced at trial. In fact, the evidence readily lends itself to two plausible versions of how the accident happened. Since the verdict is not against the weight of the credible evidence, it must stand *(see, Lenahan v Goucher,* 111 AD2d 546, 548 [dissenting mem], *revd on dissenting mem below* 65 NY2d 1034; *Corey v Powell,* 53 AD2d 924). Plaintiff's remaining assignments of error, to the extent they have been preserved for review, are similarly devoid of merit.

Judgment and order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.