■ Burton Hapgood, as Executor of William W. Hapgood, Deceased, Respondent, v P & C Food Markets, Inc., Also Known as P & C Food Markets, Appellant, et al., Defendants. (And a Third-Party Action.)—Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered October 13, 1987 in St. Lawrence County, upon a verdict rendered in favor of plaintiff against defendant P & C Food Markets, Inc.

In July 1982, 95-year-old William W. Hapgood (hereinafter decedent) was seriously injured in a grocery store owned by defendant P & C Food Markets, Inc. (hereinafter P & C) when he fell down and fractured his hip during his attempt to leave the store through an exit with an electronic sliding door. Although previously in good health and quite active for his age, decedent's injuries rendered him an invalid. As a result, decedent initiated this action against P & C, defendant JMB

Property Management Corporation, the lessor of the premises, and defendant Mohawk Automatic Door Sales and Services, Inc. (hereinafter Mohawk), the company that sold the electronic doors to P & C. Mohawk also initiated a third-party action against Besan, Inc., the designer of the doors. Before the matter came to trial, decedent died and his estate was substituted as plaintiff in this action.

At trial, it was vigorously disputed whether decedent was struck by the premature closing of the electronic interior doors or that the fall was caused by factors unrelated to defendants. Following the close of proof, Supreme Court granted motions by JMB Property Management Corporation and Besan to dismiss all causes of action alleged against them. The jury found that the interior electronic doors were malfunctioning, P & C had notice of this fact and these malfunctioning doors were the proximate cause of decedent's injuries. Plaintiff was awarded damages of $125,000 to be paid entirely by P & C, explicitly absolving Mohawk of liability. P & C's motion to, *inter alia,* vacate the jury verdict as against the weight of the credible evidence was subsequently denied. P & C now appeals.

We affirm. Despite P & C's strenuous contention otherwise, the evidence introduced at trial supported the jury's verdict. In order to be set aside, it must be shown that the preponderance of the evidence is so greatly contrary to the jury's verdict that it could not have been rendered by any fair interpretation of the evidence *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, *lv denied* 71 NY2d 805; *Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609). In determining whether the original trier of fact incorrectly assessed the evidence, great deference is given to a jury's interpretation of the evidence *(Halvorsen v Ford Motor Co., supra,* at 60).

Here, the record contains evidence that P & C had notice a few months before the accident that the door had malfunctioned and had received a recommendation to replace the printed circuit board which operated the system. Further, a "hold open beam" safety feature that would normally have prevented the sliding doors from closing while a person was between them was not in operation at the time of the accident. Moments after the accident occurred, decedent stated that "the damn door hit me and knocked me down". In addition, the testimony of the only person who saw decedent fall was not inconsistent with plaintiff's theory of the accident at trial and the jury could have reasonably interpreted it as such. Findings of fact that have sufficient support in the

credible evidence will not be disturbed even if there is evidence leading to a contrary conclusion *(supra; see, Clark v Flanders,* 140 AD2d 865, 866).

Finally, we reject P & C's argument that the jury's verdict was excessive. The record contains more than sufficient evidence regarding the special damages incurred by or on behalf of decedent, his conscious pain and suffering prior to his death, and the extent of his disability following the injury to support the award of damages. Under these circumstances, we cannot find that the verdict was so excessive that it "shocks the conscience" of this court *(Graham v Murphy,* 135 AD2d 326, 330; *Merrill v Albany Med. Center Hosp.,* 126 AD2d 66, 68, *appeal dismissed* 71 NY2d 990).*

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

* Since this action was commenced prior to July 30, 1986 and the trial began in 1987, the new appellate standard of review for monetary awards contained in CPLR 5501 (c) does not apply in this case *(see,* L 1988, ch 184, § 20; L 1986, ch 682, §§ 10, 12).