■ VIVIAN WEIDEN, Appellant, v BARBARA SCHWARTZ et al., Respondents. [598 NYS2d 214] —Order (denominated a judgment), Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about June 10, 1992, which set aside the jury's verdict with regard to damages only and ordered a new trial with regard to damages unless the parties stipulated to reducing the verdict to $450,000, unanimously modified on the law to the extent of clarifying that plaintiff's stipulation required to avoid a new trial with respect to damages be to a net award of $450,000 and that plaintiff be given 20 days from

the date of this order to so stipulate, otherwise affirmed, without costs.

In light of the excessive verdict which was influenced by the inflammatory remarks of plaintiff's counsel throughout the trial, the IAS Court appropriately exercised its discretion and ordered a new trial on damages unless the parties stipulated to a reduction of the verdict *(see, Kupitz v Elliott,* 42 AD2d 898). Indeed, the total award of over $2 million (the jury found the plaintiff to be 25% responsible) "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). In light of, *inter alia,* plaintiff's age, her pre-accident cardiac condition, her previous slip and fall accident in which plaintiff sustained injuries which were not yet healed or were permanent at the time of the instant car accident, and in light of plaintiff's good recovery from this accident, the jury's award was excessive *(compare, e.g., Blyskal v Kelleher,* 171 AD2d 718).

We further note that since the IAS Court's decision reduces the verdict to a net of $450,000, the order (denominated a judgment) should so reflect that net award. *(See, Rowlee v Dietrich,* 88 AD2d 751, 752.) Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.