■ JEFFREY L. KOSINSKI, Appellant, v CONSOLIDATED RAIL CORPORATION, Respondent. (Appeal No. 1.) [601 NYS2d 754] — Judgment unanimously reversed on the law and in the exercise of discretion without costs and new trial granted on damages only. Memorandum: While employed by defendant Consolidated Rail Corporation, plaintiff slipped and fell, allegedly sustaining serious injuries to his lower back. Following trial, the jury rendered a verdict finding both plaintiff and defendant negligent and apportioning liability equally. The jury found that plaintiff had sustained damages as follows: $7,000 for past pain and suffering; $125,000 for future pain and suffering; $400,000 for future medical expenses; $55,000 for past lost wages; and $784,000 for future lost wages. In posttrial motions, plaintiff challenged the jury's award for pain and suffering and lost wages as inadequate; defendant

challenged the future medical expenses award as excessive. The court denied plaintiff's posttrial motion but granted defendant's motion to reduce the future medical expenses award from $400,000 to $13,800 based on the insufficiency of the evidence. Judgment was entered awarding plaintiff $492,400 plus interest, costs and disbursements.

Plaintiff appeals from the judgment, thus bringing up for review the posttrial order. He contends that five errors of the trial court deprived him of a fair trial, that the jury rendered an impermissible compromise verdict, that the award for future pain and suffering was inadequate, and that the court erred in reducing the award for future medical expenses.

The court erred in reducing the award for future medical expenses rather than ordering a new trial. Plaintiff's experts referred to various modes of possible future treatment, but the only proof of future medical expense was the testimony of one of plaintiff's experts, who stated that a spinal fusion, if it became necessary, would cost approximately $13,800. It was therefore speculative, and thus against the weight of the evidence, for the jury to return an award of $400,000. It was error, however, for the court to reduce the jury's award unconditionally on the basis of legal insufficiency and order entry of judgment in the amount of $13,800 *(see, Feathers v Kozdranski,* 129 AD2d 975, citing *Kupitz v Elliott,* 42 AD2d 898, *lv denied* 33 NY2d 519; *Ferro v Maline,* 31 AD2d 779).

Because that portion of the verdict represented a substantial portion of the jury's verdict, and because that issue is closely intertwined with the other segments of the jury's award, we exercise our discretion to grant a new trial on the issue of damages.

We have considered plaintiff's other contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.