OPINION OF THE COURT
Ira B. Harkavy, J.
*731 Plaintiff moves for an order pursuant to CPLR 4404 to set aside the jury verdict herein and directing that judgment be entered in favor of the plaintiff as a matter of law, on the ground that the verdict is contrary to the weight of the evidence.
This is an action for personal injuries arising out of an automobile collision on September 30, 1992. The liability portion of this matter was tried before the undersigned and a jury, commencing January 30, 1997. The jury returned a verdict on February 3, 1997, finding plaintiff 65% liable for the accident and defendant 35% liable.
The underlying facts are as follows:
On September 30, 1992, plaintiff had stopped his vehicle in the left traffic lane on Utica Avenue, one eighth of a block south of Avenue H, and was waiting to make a left-hand turn into a McDonald’s restaurant. The vehicle operated by the defendant traveling in the same direction immediately behind the plaintiff struck plaintiff’s vehicle in the rear. Plaintiff’s vehicle was thereafter pushed into a third vehicle that had been traveling in the opposite direction of traffic.
It is undisputed that defendant’s vehicle rear-ended plaintiff’s vehicle. Defendant testified that from the time she first noticed the green light at the intersection of Utica Avenue and Avenue H, to the location where the accident occurred, she had traveled two car lengths. She testified that she had been traveling at approximately 20 miles per hour and that 10 seconds had elapsed from the time she first noticed the plaintiff’s vehicle until the time she applied her brake. The court took judicial notice of the fact that if the defendant was traveling at a speed of 20 miles per hour, she was traveling 29 feet per second at the time of impact. By defendant’s testimony, the defendant traveled 290 feet before applying her brake after she had noticed the plaintiff’s vehicle. Defendant further testified that she did not see plaintiff’s car slowing to a stop and, further, that she did not see his brake lights or left turn signal. However, she did admit that she hit plaintiff’s vehicle in the rear while it was stopped.
Vehicle and Traffic Law § 1129 (a) requires "(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.” Case law has held that "[a] rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle *732 and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (see, Gambino v City of New York, 205 AD2d 583; Starace v Inner Circle Qonexions, 198 AD2d 493; Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398; Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573).” (Leal v Wolff, 224 AD2d 392, 393.)
The defendant’s explanation is that she did not see plaintiff’s car slow to a stop and did not see his brake lights or left turn signal. However, there is no question that she saw plaintiff’s car and plaintiff’s car was in fact, stopped at the time of the impact.
CPLR 4404 states in relevant part, as follows: "(a) Motion after trial where jury required. After a trial of a cause of action or issue trible [sic] of right by a jury, upon the motion of any party or on its own initiative, the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence”.
A jury verdict may not be set aside unless it plainly appears that the evidence so preponderates in favor of the other side, that such verdict could not have been reached by any fair interpretation of the evidence. (Wilcox v Morrow, 226 AD2d 1077; Martin v Seaman, 184 AD2d 996, lv denied 80 NY2d 759; 8A Carmody-Wait 2d, NY Prac § 62:4, at 183; La Porte v Board of Educ., 57 AD2d 1029; Tripoli v Tripoli, 83 AD2d 764 [motion should not be granted unless verdict is palpably wrong and there is no basis upon which the jury could reach it upon any fair interpretation of the evidence]; Durkin v Peluso, 184 AD2d 940; Halvorsen v Ford Motor Co., 132 AD2d 57; Lincoln v Austic, 60 AD2d 487 [to justify setting aside a verdict as contrary to the weight of the evidence, a finding must be made that it could not have been reached upon any fair interpretation of the evidence]; Fieldy v Weimer, 169 AD2d 961; Nicastro v Park, 113 AD2d 129; 4 Weinstein-Korn-Miller, NY Civ Prac 4404.06-4404.10; Siegel, NY Prac § 406, at 615 [2d ed].)
Based upon the testimony herein, the apportionment of liability is clearly against the weight of the evidence. In cases where courts have been faced with motions to set aside the verdict where damage awards are excessive or inadequate, it is common to grant the motion conditionally. That is, a new trial is granted unless the parties stipulate to a larger or lesser amount of damages. (Durso v City of New York, 96 AD2d 458 *733 [new trial would be granted on the issue of damages unless plaintiff consented to reduced verdict since damages were excessive to the extent indicated].)
Although the cases point out that it would be error for the court to usurp the jury’s function by unconditionally substituting a different award, it appears clear that the proper procedure is to direct a new trial on damages unless the plaintiff agrees to remit to the court the amount found excessive (Kupitz v Elliott, 42 AD2d 898; Ferro v Maline, 31 AD2d 779), or unless the defendant stipulates to an increased award (Ladd v Parkhurst, 87 AD2d 971; Wolf v Trans World Airlines, 98 AD2d 697).
In the instant case, the plaintiff seeks to set aside the apportionment of the liability, rather than a damages award, as against the weight of the evidence. Inasmuch as this court agrees that the jury incorrectly apportioned liability at 35% defendant and 65% plaintiff, and in accordance with the aforementioned case law, the court grants plaintiff’s motion as follows:
A new trial shall be ordered unless the parties stipulate within 30 days of the date herein, to apportion the liability two thirds defendant and one third plaintiff. If the parties so stipulate, a written stipulation shall be served and filed upon the Clerk of the Court within said 30 days. If the parties do not so stipulate, plaintiff’s motion is granted to the extent that the within verdict shall be set aside and a new trial ordered.