EMIL J. O'NEILL, Appellant, v. MITCHEL OIL CORPORATION et al., Respondents.— In an action to recover damages for personal and property injuries, plaintiff appeals from a judgment of the County Court, Westchester County, dismissing the complaint, entered upon the verdict of a jury. Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. The Trial Judge in his charge to the jury limited his instruction with respect to the substantive question of negligence to a general definition of the term "negligence" in a single sentence, without mention of the problem of application of the principles of negligence to the specific claims and evidence with respect to negligence in this case. On the request of defendants, the court charged properly "that skidding in and of itself is not negligence". In view of this charge it was reversible error for the court to refuse to charge as requested by the plaintiff "that if the jury finds that the defendant's car was proceeding at an excessive rate of speed under the circumstances existing at the time, that they may find that that was negligence". It is unnecessary for us to pass on the correctness of the refusal to grant other specific requests to charge in view of our determination with respect to the last-mentioned specific request. In any event, there should be a new trial in the interests of justice. Adel, Acting P. J., Wenzel and MacCrate, JJ., concur; Beldock, J., dissents and votes to affirm; Murphy, J., dissents and votes to affirm, with the following memorandum: This was a brief trial of simple facts and the charge to the jury was adequate under the circumstances. It would have been a work of supererogation for the court to have reviewed the facts in its charge after summations by opposing counsel. The court's definition of negligence was clear and ample. No request was made to charge the effect of a violation of

any statute relative to excessive speed and to have charged as requested would have been tantamount to charging that excessive speed was negligence as a matter of law without any showing of causal connection between the speed and the accident (*Daggett* v. *Keshner,* 284 App. Div. 733, 735). The court charged that both the plaintiff and the defendants were under a duty to keep their respective cars under control at all times.