Frank Composto, J.
On March 11, 1965 at about 7:00 a.m., plaintiff’s and defendant’s automobiles collided on the Long Island Expressway. Both were proceeding easterly in the vicinity of Old Westbury, Long Island. Plaintiff contends that he was struck in the rear by the defendant’s vehicle. He now moves for summary judgment.
It is indisputable that motions for summary judgment offer an ideal opportunity to dispose of many personal injury actions and help expedite the disposition of civil cases where no material issue of fact is presented.
This practice could be of invaluable assistance in clearing congested calendars of many cases where questions of responsibility are more imaginary than real and which, after a wait of several years, are ultimately disposed of without trial. This undoubtedly was the motivation behind the enactment of CPLR 3212 (subd. [c], formerly Rules Civ. Prac., rule 113) which in seemingly clear language states that “ The existence of a triable issue of fact as to the amount or the extent of the damages shall not bar the granting of summary judgment ”. However, as stated by Judge Bergan in Cooper v. Greyhound Bus Corp., 13 A D 2d 173), “ its usefulness under the present practice is sharply circumscribed ’ ’.
Decisional restrictions require that caution be exercised in granting such motions and that they be granted only in rare instances. (Schneider v. Mieczwilcowski, 16 A D 2d 177; Connell v. Buitekant, 17 A D 2d 944.)
The rationale that dictated these guideposts of caution and restraint is founded on our traditional concern that every litigant be given his ‘ ‘ day in court ’ ’. Courts must be zealous to preserve *744 for a defendant Ms constitutional rights to a jury trial where there is a real issue to be tried. (Gerard v. Inglese, 11 A D 2d 381.)
The core of this problem has been clearly enunciated in Di Sabato v. Soffes (9 A D 2d 297, 299): “ While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends óf justice in a specific case, but contributes to calendar congestion which, in turn, denies to other sMtors their right to prompt determination of their litigation. ’ ’
The court must ascertain whether there exists “ a genuine substantial issue of fact ” (Esteve v. Abbad, 271 App. Div. 725) or whether the ostensible issue created is “ formal, perfunctory or shadowy ” (Di Sabato v. Soffes, supra, p. 300).
Plaintiff, in addition to his affidavit, submitted an exhibit consisting of parts of the examination before trial of the defendant G-ambee, taken in a related action. Pertinent answers given by the defendant follow:
Page 9 — “ Q. Now witMn about 100 or 200 yards of the accident, how fast were you going?
A. About 45 or 50.
Q. Were you in the center lane?
A. Yes.
Q. During that time, did you see any other cars going in your direction either in your rear view mirror or in front of you?
A. No.
Q. No other cars?
A. No.”
Page 10 — “ Q. At any time before the impact did you see the defendant’s car?
A. No.
Q. Now you say you did not see the defendant’s car before the first impact, is that correct?
A. That’s right.
Q. What part of your car and what part of the defendant’s ear were in contact at the first impact?
A. His left rear and my right front.”
The defendant offered no affidavit in opposition to the motion. There was submitted an affirmation by her attorney which in and of itself must be considered hearsay ahd of no probative value.
“ It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, *745 in order to show that the matters set np in his answer are real and are capable of being established upon a trial. (Dodwell & Co. v. Silverman, 234 App. Div. 362.) An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded (Barnet v. Horwitz, 278 App. Div. 700; Cohen v. Pannia, 7 A D 2d 866.” (Di Sabato v. Soffes, supra, p. 301.)
The attorney’s affirmation will be disregarded. However, he did incorporate parts of an examination before trial taken of the defendant in a related matter, which will be considered.
The court adopts the appraisal of an examination before trial made by Justice Brbitbl, in the dissenting opinion in Di Sabato v. Soffes (supra, p. 307) that: “ Of course, testimony by deposition, taken by plaintiffs is a higher order of proof than an affidavit. An affidavit, usually prepared by a lawyer, and signed by the affiant, is hardly the equivalent in value of a deposition by question and answer, especially when the questioning is done by the adverse attorney.”
Illuminating facts are revealed in the defendant’s testimony. After stating that she had been at a party she was asked:
Page 8 — “Q. Just what kind of a party was it, may I ask?
A. As a matter of fact, we went in to see some friends and when we got in there to the place where they stay, we found out they were out here so we were at this particular place the Green Isle.
Q. Is that a tavern?
A. Yes.
Q. Where is that, do you know? Is it in Brooklyn?
A. Yes.
Q. About how long were you at the Green Isle? Would you say you were at the Green Isle from this time you had given me, from about 11 to about 4 a.m. ?
A. Yes.
Q. Now, you say you found yourself on the Long Island Expressway about one half hour before the impact or the actual accident, is that right?
A. Yes.”
Page 12 — “Q. What part of the Yancy automobile and what part of the automobile that you were driving came together ?
A. My right front and his left rear fender.
Q. And did you see the Yancy car at any time before they came together ?
A. No.”
Driving on an expressway at 45 or 50 miles per hour and not
*746 seeing an automobile in front until after colliding with it, is an incident weighted with responsibility.
Defendant attorney’s affirmation urged on the court that the plaintiff failed to show freedom from contributory negligence as his “ examination before trial indicates that he did not see the Grambee car before the impact either.”
This is frivolous and a ‘ ‘ shadowy semblance of an issue ’ ’ (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660).
It seems to the court that a motorist traveling on an expressway is sufficiently preoccupied watching traffic in front of him and to his sides. To require him to look behind to ascertain if another car may hit his rear, is unrealistic, unreasonable and not required. Failure to do so is not contributory negligence. The court finds that no real genuine issue exists. Motion is granted. Case is set.down for assessment of damages on October 30, 1967.