■ PEPIN CASIANO, an Infant by JOSE CASIANO, His Father and Natural Guardian, et al., Respondents-Appellants, v. WEINSTEIN & SON FLOOR COVERING CORP., Respondent; SAUL RITTER et al., Appellants, et al., Defendant. (Action No. 1.) (And 4 Other Titles.) — In consolidated negligence actions to recover damages for personal and property injuries, the appeals are from (1) portions of an interlocutory judgment of the Supreme Court, Kings County, dated November 18, 1970 and made after a nonjury trial on the issues of liability only,

and (2) an order of the same court, dated January 4, 1971, which denied (a) a motion by appellants Saul Ritter and Samuel Ritter to set aside the trial court's decision and (b) cross motions by plaintiffs-appellants in Actions Nos. 1 and 2 to set aside certain portions of said decision. The separate appeals by the Ritters from the interlocutory judgment are from so much thereof as (1) determined that defendant Robles did not have permission and consent of defendant Weinstein & Sons Floor Covering Corp. to operate its motor vehicle; (2) determined liability against both Ritters as defendants in Actions Nos. 1 and 2 and against Saul Ritter as defendant in Action No. 5 and directed severance of action and assessment of damages; (3) in Action No. 3 dismissed the complaint of Saul Ritter as against Weinstein & Sons Floor Covering Corp. and directed severance of action; and (4) in Action No. 4 dismissed the complaint of Samuel Ritter as against Weinstein & Sons Floor Covering Corp. and directed severance of action. The appeal by the Ritters in Actions Nos. 1, 2, 3 and 5 from the order dated January 4, 1971 is from so much thereof as denied their motion to set aside the trial court's decision and for judgment in their favor or, in the alternative, for a new trial. The separate cross appeals by plaintiffs-appellants in Actions Nos. 1, 2 and 5 from the interlocutory judgment are from the respective portions thereof which dismissed their respective complaints against Weinstein & Sons Floor Covering Corp. Plaintiffs-appellants in Actions Nos. 1 and 2 also separately appeal from the respective portions of the order dated January 4, 1971 which denied their motions to set aside trial court's decision in part. Appeals from order of January 4, 1971 dismissed, without costs. An order denying a motion to set aside a decision rendered after trial, made only on the trial minutes, is not appealable (*Guarneri v. Aloveiro*, 32 A D 2d 647). In any event, the disposition herein of the appeals from the interlocutory judgment renders the appeal from the order academic. As to those portions of the interlocutory judgment which dismissed the complaints of plaintiffs in Action Nos. 4 and 5 as against Weinstein & Sons Floor Covering Corp., judgment reversed, complaints reinstated and new trial granted in the interests of justice, with costs to abide the event. Interlocutory judgment otherwise reversed insofar as appealed from, and, as to all parties in Actions Nos. 1, 2 and 3, other than defendant Robles, new trial granted, with costs to abide the event. The trial court found that at the time of the accident defendant Eugenio Robles, the operator of one of the vehicles involved, was not operating that vehicle with the permission and consent of its owner, defendant Weinstein & Sons, and that the operator of the other vehicle, defendant and plaintiff Samuel Ritter, was negligent. In our opinion there was not sufficient evidence to support either finding. We note at the outset that the presumption of permission arising from operation of the Weinstein vehicle must be overcome by *substantial* evidence. That was not done here. The evidence showed that Robles was employed by Weinstein & Sons, that he had made a late delivery for his employer on the night in question, that on occasion he made personal use of the vehicle to move furniture, etc., that for some time prior to the accident he was taking the vehicle home overnight on a regular basis, and that shortly after the accident his employer signed a workmen's compensation form indicating that he had been injured in the course of his employment. For its part, Weinstein & Sons *failed* to establish that the place where the accident occurred was not on the route to Robles' home and that Robles had been specifically told not to pick up riders or hitchhikers. As to Samuel Ritter, the trial court concluded he had been negligent, but it set out none of the facts upon which the conclusion was based. The record shows Ritter was traveling at approximately 15 miles per hour at the time of the accident, that Robles admit-

tedly went through a stop sign because of faulty brakes and struck the Ritter vehicle, and that Ritter looked both ways at the intersection, saw Robles 75 feet away, and knew, since he was familiar with the area, there was a stop sign for Robles. Under such circumstances, his care at the moment was measured on the assumption that he was traveling on a through way and that the sign was in effective operation. He might reasonably assume that such a sign would be obeyed (2 N. Y. Auto. Law, § 969, p. 149; see *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89, 95). Stated differently, Ritter was not bound to foresee the probability of Robles' violating the stop sign (see *Zwilling* v. *Harrison*, 269 N. Y. 461). Munder, Acting P. J., Gulotta and Christ, JJ., concur; Martuscello and Benjamin, JJ., concur in the dismissal of the appeals from the order of January 4, 1971, but otherwise dissent and vote to affirm the interlocutory judgment insofar as appealed from.