RICHARD L. SCHIFFER, Appellant, v. SYDELLE KORMAN, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered January 6, 1972 in favor of the defendant, upon a jury verdict at a trial on the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. In our opinion the trial court erred in denying plaintiff's request to charge that defendant, as well as plaintiff, was an interested party for the purpose of testing credibility (see PJI 1:91; *Noseworthy* v. *City of New York*, 298 N. Y. 76, 80; *Harris* v. *Fifth Ave. Coach Co.*, 132 N. Y. S. 743). Furthermore, there was substantial error in the court's refusal to charge the relevant provisions of the Vehicle and Traffic Law concerning following too closely and sudden stopping (Vehicle and Traffic Law, §§ 1129, 1163, subd. [c]). The mere recital of general rules respecting a driver's duty of reasonable care is no fair substitute for the wording of those statutes (see *Green* v. *Downs*, 27 N Y 2d 205, 207; *Taggart* v. *Vogel*, 3 N Y 2d 58; *O'Neill* v. *Mitchel Oil Corp.*, 284 App. Div. 1067). There was error, too, in the reception into evidence of defendant's entire self-serving motor vehicle accident report. The entire report was not rendered admissible by the fact that plaintiff had cross-examined defendant with respect thereto. The cross-examination was limited to inconsistencies between defendant's report and her trial testimony concerning the damage to her automobile caused by the force of the impact between the two vehicles and concerning the direction in which plaintiff's automobile was pointing when it was hit from the rear. Accordingly, only so much of the statement as related to these inconsistencies should have been received (*Garb* v. *Amalgamated Props.*, 253 App. Div. 346, 347; *Green* v. *Downs, supra*, p. 209). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.

In the Matter of B & B INSPIRATION POINT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review respondent's determination dated August 28, 1972, which canceled petitioner's liquor license, effective September 1, 1972. Determination modified, on the law, by reducing the penalty to a suspension for a period of 50 days. As so modified, determination confirmed, without costs. Since there was only one incident involved, which took place on August 7, 1971, the incident which resulted in a suspension in 1963 being too remote in time to be said to point to continued disorderly activity, we believe the punishment of cancellation was unduly harsh, disproportionate to the offense and an abuse of discretion (*Matter of Show Boat of New Lebanon* v. *State Liq. Auth.*, 33 A D 2d 954). Accordingly, we exercise our power to reduce the penalty of cancellation to the period of suspension above stated (cf. *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of 103 Rest.* v. *New York State Liq. Auth.*, 32 A D 2d 542). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Benjamin, JJ., concur.