◼    DIANE C. WALCZYK, Appellant, v DONNELL CHRESFIELD, Respondent. —In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from (1) a judgment of the Supreme Court, Queens County, entered January 26, 1976, in favor of defendant, upon a jury verdict, after a trial limited to the issue of liability only and (2) so much of a further order of the same court, dated May 30, 1975, as, upon reargument, adhered to a prior determination which denied plaintiff's motion pursuant to CPLR 4404 for a new trial. Judgment affirmed and order affirmed insofar as appealed from, with costs. On the proof adduced it may not be held that the preponderance of the evidence in favor of the plaintiff was so great that the finding in favor of defendant could not have been reached upon any fair interpretation of the evidence (see *Olsen v Chase Manhattan Bank,* 10 AD2d 539, affd 9 NY2d 829; *McGrath v Abramowski,* 35 AD2d 669). Moreover, we find no error in the trial court's charge to the jury or in its denial of plaintiff's motion to set aside the verdict and for a new trial. Hopkins, Acting P. J., Damiani and Christ, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and order, insofar as appealed from, and to grant a new trial, with the following memorandum, in which Hawkins, J., concurs: The verdict should be set aside and a new trial ordered for errors with respect to the charge, and because it is against the weight of the evidence. On November 30, 1970, at about 7:30 A.M., defendant's vehicle struck plaintiff's vehicle in the rear after both had completed a right turn onto the service road of the Van Wyck Expressway. Defendant admitted

that he had diverted his attention from plaintiff's vehicle at the start of, or in the course of, his turn, and that when he looked again at plaintiff's car, which he had been following, it was stopped or rolling to a stop. He testified that he "couldn't really say" whether plaintiff had come to a sudden or gradual stop "because I lost sight of it for a moment. When I looked the car was there just in front of me and I applied the brakes at that time"; that it was then five or six feet ahead of him; and that at the time of the collision he was traveling at a speed of about 10 miles per hour. The right front of his vehicle struck the left rear of plaintiff's vehicle. He did not recall seeing plaintiff's brake lights go on. Plaintiff testified that, after making the turn, she had proceeded for about half a block at a speed of 15 or 20 miles per hour, and was then struck. There was no traffic in front of her. She denied stopping or coming to a stop. She stated that her brake lights were working. On summation, defendant's counsel conceded that defendant was negligent, leaving as the sole issue (on the liability phase of the trial) whether plaintiff was contributorily negligent "in coming to a sudden and unexpected stop". The court refused plaintiff's request to charge the substance of subdivision (a) of section 1129 of the Vehicle and Traffic Law "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway" because, as stated by the trial court (after the completion of its charge), "this charge only affects the defendant in the case. Since the defendant has conceded liability, the Court omitted to charge this as superfluous". Further, in connection with the required signal for stopping or for a sudden decrease of speed, the court charged the essence of subdivision (c) of section 1163 of the Vehicle and Traffic Law "No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal" and then stated that "such a signal may be given either by hand and arm or by signal light" (see Vehicle and Traffic Law, § 1164, subd [a]). The trial court then charged the substance of section 1165 of the Vehicle and Traffic Law, as to the method of giving hand-and-arm signals. Its explanation for such charge (on due exception taken by plaintiff) was that "the testimony on the part of the defendant was that he *[sic]* made a sudden stop and he saw no lights." In return for a generalized, amorphous admission of negligence, plaintiff caused the searchlight of scrutiny to be concentrated on the only issue remaining, whether she had been contributorily negligent. This, in itself, is not improper. Courts should welcome a concession which limits issues and speeds the trial. Nevertheless, they should be wary that such concessions not unbalance the trial. The trial court should have charged the substance of subdivision (a) of section 1129 of the Vehicle and Traffic Law so that the jury could have understood in precisely what way defendant was negligent. This had a bearing on whether (if indeed plaintiff stopped, as the jury apparently believed) plaintiff had the right to assume that defendant was proceeding no closer than was reasonably prudent, i.e., that defendant was doing what the statute required him to do (cf. *Shuman v Hall,* 246 NY 51, 57; *Casiano v Weinstein & Son Floor Covering Corp.,* 37 AD2d 564; *Yancy v Gambee,* 54 Misc 2d 743; *Sweeney v Pozarelli,* 39 Cal Rep 601). Although the statute speaks in terms of the duty of the driver of a following vehicle, it relates to the relationship of both vehicles in the line of traffic; it thus bears on the actions of *both* drivers. I also believe that it was improper to instruct the jury as to "signals herein required given by hand and arm" (see Vehicle and Traffic Law, § 1165) without a caveat that such signals were required only if the jury was satisfied that the brake lights of plaintiff's car were not working. Since

plaintiff testified she was neither stopping nor coming to a stop, she, of course, did not testify that she gave any signal at all for a stop. But, even assuming defendant's testimony to be correct, there was no need for plaintiff to give a hand signal if the brake lights were working; the intrusion of this element for consideration by the jury was clearly confusing and prejudicial. According to defendant, plaintiff's vehicle had stopped at the intersection because of a red light, with his own car behind hers; thereafter plaintiff proceeded to make the turn, and so did he when the light turned green; when she was no more than 10 feet into the service road, she was already stopped or stopping. Obviously, on his version, she could not have been proceeding at any great speed, so that if she did stop, it could not have been so unusual and dangerous an occasion as to require more than a brake-light signal. She could stop, if she did, only by putting her foot on the brake; if she did, the brake lights would go on; this would be signal enough for a following car if it were properly threading its way into and out of a right turn, and was no closer than was "reasonable and prudent", having due regard for the speed of both vehicles and the situation then obtaining (see Vehicle and Traffic Law, § 1129, subd [a]). It is anachronistic, in this day of mandated brake lights (see Vehicle and Traffic Law, § 1164, subd [b]), of the heating of vehicles in the winter, and of air-conditioning in the summer, to require the driver of a passenger vehicle, whose brake lights are working, to keep the window of his left door down so that he can give a hand signal when he stops at a time when his speed is necessarily minimal (see Vehicle and Traffic Law, § 1164, subd [a], which permits either method of signal for a stop). I also believe the verdict to be against the weight of the evidence. The testimony of a driver of a following car that the lead car stopped suddenly and without warning is highly suspect where such testimony is the only evidence of a short stop, especially where that defendant admits that he had not been looking at the lead car shortly before the impact. To credit defendant's version one would have to (1) believe (on defendant's testimony alone) that plaintiff stopped, or was rolling to a completed stop, *for no ascertainable reason,* within 10 feet after completing a right turn; (2) believe that plaintiff's brake lights were not working; and (3) overcome the apparent significance of the fact that the right front of the defendant's vehicle struck the left rear of the plaintiff's vehicle (the typical points of contact in a "passing" accident). To credit the plaintiff's version, one would have to believe that she had made a right turn into the center lane and that she had proceeded half a block or less, at a speed of about 15 or 20 miles per hour, when she was struck by a car which was apparently in the process of passing her on the left. (It is to be noted that defendant offered no explanation for the points of impact; he stated that when he saw the stopped car "I applied the brakes but I bumped into the car in front of me"; he did not assert that he turned his wheel to the left to avoid a collision by proceeding into the lane to the left.) On the proof adduced (including defendant's indecisive statements as to whether plaintiff's car was stopped or "could have been moving a slight speed [or] could have been rolling"), the evidence so preponderated in favor of plaintiff that the verdict could not have been reached upon any fair interpretation of the evidence (see 8 Carmody-Wait 2d, NY Prac, § 62:6).