ANTHONY MAIDA et al., Respondents, v MICHAEL VELELLA et al., Defendants, and DANIEL GEORGE AND SON FUNERAL HOME, INC., et al., Appellants.

The genesis of the instant action was an automobile collision which occurred on October 24, 1981. On that date, the plaintiffs, Anthony and Anne Maida, were participants in a funeral procession that originated from the funeral home of the defendant Daniel George and Son, which is located in Kings County. The destination of the procession was the defendant Pine Lawn Memorial Park and Cemetery, located in Farmingdale, New York. The plaintiffs' vehicle was one of eight or nine cars following the hearse, which was being driven by Daniel George, Jr., the manager of the funeral home.

The plaintiffs were attempting to cross an intersection at Wellwood Avenue in Farmingdale, a four-lane road which bisects Pine Lawn Cemetery, when their car was struck by a vehicle driven by the defendant Michael Velella. The plaintiffs allegedly sustained serious injuries as a result of this collision.

According to the affidavits submitted by the plaintiffs, Mr.

Maida had followed the procession to the intersection at Wellwood Avenue. He had duly stopped his vehicle at a stop sign which was posted at the corner of the intersection. Although Mr. Maida noticed that there was a vehicle traveling southbound along Wellwood Avenue, he nevertheless proceeded into the intersection since the other vehicle was still some distance away. The plaintiffs, however, were unable to clear the intersection because, at that point in time, the cars which had preceded the plaintiffs in the procession were at a standstill. While so positioned, the plaintiffs' car was struck by the oncoming vehicle.

It is the plaintiffs' contention on appeal that the defendant funeral home was negligent because its employee, the driver of the hearse, failed to leave sufficient space for the vehicles in the procession to proceed across and clear the intersection at Wellwood Avenue. They further maintain that the defendant cemetery was similarly negligent in failing to provide a lead car to safely guide the procession to the burial site.

The defendant funeral home and the defendant cemetery, upon their respective motion and cross motion, *inter alia,* contend that they had no legal duty to control the traffic on a public thoroughfare, and that, in any event, the proximate cause of the collision was not any breach of duty on their part, but rather was the failure on the part of the plaintiffs and the defendant Michael Velella to exercise due care.

We find no merit to the theory of liability upon which the plaintiffs premise their case. Generally, the question of whether one party owes a duty of care to another is entirely one of law, to be determined by the court *(see, Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, *affd* 47 NY2d 440). With respect to the legal responsibilities of the defendant cemetery, it is evident that even if the cemetery had provided a lead car to direct the procession to the burial site, it still would have had no obligation to control the traffic situation at the intersection of Wellwood Avenue. Indeed, any attempt by the cemetery to control the traffic conditions on a public thoroughfare would have been in direct violation of the Vehicle and Traffic Law *(see,* Vehicle and Traffic Law §§ 1102, 1110, 1114). Nor was the cemetery in any better position to control the actions of the plaintiffs herein. Further, we note that there is no allegation of any sudden stop or any other affirmative act of negligence on the part of the driver of the hearse *(cf. Benson v Hoenig,* 228 Minn 412, 37 NW2d 422). Thus, because the defendant cemetery did not control the tortfeasor, a duty to prevent the type of negligence alleged in the

case at bar should not be imposed upon it *(see, e.g., Pulka v Edelman,* 40 NY2d 781, 784).

We reach a similar conclusion with respect to the obligations of the defendant funeral home. The fact that vehicles in a funeral procession travel in close proximity does not relieve the drivers of any of the vehicles in the procession from exercising due care *(see, Merkling v Ford Motor Co.,* 251 App Div 89). The funeral home, regardless of the precautions taken, was not in a position to directly control the vehicles in the procession nor any other traffic encountered during the course thereof. While the funeral home clearly owed a duty to refrain from creating an unreasonably hazardous situation for those participating in the procession, to hold the funeral home legally accountable for independent and unforeseeable acts committed by the members of the procession or by persons utilizing public roadways would, in effect, "create an unnecessary extension of a duty beyond the limits required under the law of negligence as we know it" *(Pulka v Edelman, supra,* p 785). Moreover, the imposition of such a duty upon the funeral home would be particularly unreasonable under the circumstances disclosed by this record, since the plaintiffs' own submissions reveal that Mr. Maida, despite his awareness of the existence of oncoming traffic, proceeded into the intersection, a driving decision over which the funeral home was clearly unable to exert control or to prevent.

This leads to the second facet of the appellants' argument on appeal, i.e., that the injuries sustained by the plaintiffs were not proximately caused by any act or omission on the part of the defendant funeral home or the defendant cemetery. To establish a prima facie case with respect to the issue of causation, the plaintiff must necessarily demonstrate that the acts of the defendant were "a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Moreover, where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, liability depends upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence *(see, Derdiarian v Felix Contr. Corp., supra,* p 315).

Assuming, arguendo, that the appellants had breached a duty of care owed to the plaintiffs, it is nonetheless clear that the collision at bar occurred as a direct result of the fact that Mr. Maida entered the intersection without first ascertaining or without due regard to whether there was sufficient space on the opposite side of the intersection to accommodate his

vehicle (see, Vehicle and Traffic Law § 1175). Mr. Maida, however, as the operator of a vehicle on a public thoroughfare, was duty bound to use such care and caution as a reasonably prudent person would have exercised under like circumstances. The fact that he was a participant in a funeral procession did not exempt him from this responsibility (see, Merkling v Ford Motor Co., 251 App Div 89, supra), nor did his participation in the procession justify his apparent disregard for traffic control devices or existing traffic laws. Moreover, neither the funeral home nor the cemetery were bound to foresee the possibility that Mr. Maida would enter an intersection without first ensuring that the intersection could be safely crossed (see, Casiano v Weinstein & Son Floor Covering Corp., 37 AD2d 564).

As the court aptly noted in Merkling v Ford Motor Co. (supra, pp 95-96): "a traveler on the highway cannot arbitrarily or capriciously insist upon his right of way, irrespective of traffic conditions, and excuse himself from the consequences of his act, if conditions exist which would indicate to a reasonably prudent and careful person that it would be unsafe to proceed".

In conclusion, neither the fact that the cemetery failed to provide a lead vehicle, nor the act of the employee of the funeral home in stopping the hearse without leaving sufficient space for the remainder of the procession to follow, can fairly be said to have been the proximate cause of the accident which resulted in the plaintiffs' injuries. In addition, since neither of the appellants had a duty to protect the plaintiffs from other vehicles traveling along the public roadways, we conclude that summary judgment should have been granted to both of the movants. Eiber, Kunzeman and Spatt, JJ., concur.

Lawrence, J. P., concurs in part and dissents in part, and votes to dismiss the appeal from the order dated May 1, 1984, and to modify the order dated October 15, 1984, by deleting the provision denying the defendant Pine Lawn Memorial Park and Cemetery's cross motion for summary judgment and by substituting therefor a provision granting that cross motion and vacating so much of the order dated May 1, 1984 as denied said cross motion, and as so modified, to affirm the order dated October 15, 1984, insofar as appealed from, with the following memorandum, in which Kooper, J., concurs: I agree with the majority that the plaintiffs' claim against the defendant Pine Lawn Memorial Park and Cemetery should be dismissed.

However, in my view, it cannot be said that the plaintiffs'

claims against the defendant Daniel George and Son Funeral Home, Inc., are patently groundless, or that the plaintiffs may not be able to show, after a greater development of the facts, that they have valid causes of action against that defendant. As noted by the majority, "the funeral home clearly owed a duty to refrain from creating an unreasonably hazardous situation for those participating in the procession." Whether that duty was breached and such breach was a proximate cause of the accident cannot be determined upon the papers submitted at Special Term. Specifically, I note that no affidavit was submitted by the driver of the car leading the funeral procession. Accordingly, I would not dismiss the plaintiffs' claims against the defendant Daniel George and Son Funeral Home, Inc., at this juncture.