■ CHARISSE E. HATZIS et al., Appellants, v QUEENS GAR-DENS COMPANY II, Respondent, et al., Defendant. [607 NYS2d 129] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an interlocutory judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered September 5, 1991, which, upon a jury verdict on the issue of liability, adjudged the plaintiff Charisse Eva Hatzis to be 87.5% at fault in the happening of the accident and the defendant Queens Gardens Company II to be 12.5% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

While walking her dog, the plaintiff Charisse Eva Hatzis slipped and fell as she stepped on a section of sidewalk adjacent to an apartment complex owned by the defendant Queens Garden Complex II (hereinafter QGC2), which had deteriorated into a sandy, powdery substance. The record establishes that employees of the managing agent of QGC2 had repaired the sidewalk section in question some years before the accident occurred and were responsible for main-taining it.

The plaintiffs commenced this action alleging in their com-plaint and bill of particulars, inter alia, that QGC2 had failed to make "timely, adequate and proper repairs" to the side-walk. At trial, the plaintiffs called an expert witness who testified that the managing agent's employees had improperly "air-entrained" the cement when the damaged sidewalk sec-tion was laid, which contributed to its deterioration. As a principal defense at trial, QGC2 argued that the accident was solely attributable to the injured plaintiff's own culpable conduct; specifically, it argued that the injury occurred be-cause the dog the injured plaintiff was walking, upon seeing a neighbor's dog, began barking and pulling at the leash, even-tually causing her to fall.

The court refused the plaintiffs' request to charge the jury on the issue of negligent installation of the sidewalk and to include an interrogatory to that effect on the verdict sheet.

After trial, the jury found that the defendant apartment complex negligently maintained the sidewalk where the acci-dent occurred and apportioned fault in the happening of the accident at 87.5% to the plaintiffs and 12.5% to QGC2.

On appeal, the plaintiffs argue, inter alia, that the court committed reversible error in declining to submit to the jury

the question of whether the employees of the managing agent utilized by QGC2 had negligently installed the sidewalk. We disagree.

A review of the record demonstrates that the gravamen of the plaintiffs' claim was that the negligence of QGC2 was the cause of the defective sidewalk condition on which the injured plaintiff slipped. The jury agreed, concluding that QGC2 had negligently maintained the sidewalk.

Under the circumstances, the jury's finding on the issue of fault undermines the plaintiffs' claim that they sustained prejudice by virtue of the court's failure to charge negligent installation. Whether based upon improper installation or negligent maintenance, the jury's conclusion was that QGC2 was responsible for the defective condition of the sidewalk when the accident occurred. The plaintiffs have not shown that the jury's subsequent apportionment of fault would have differed had that apportionment been premised upon a theory of improper installation. Nor does the record support such a conclusion. Accordingly, even assuming, *arguendo,* that the court erred in declining to submit the negligent installation theory to the jury, any such error was harmless under the specific facts of this case.

The plaintiffs' remaining contentions are either unpreserved for appellate review or lacking in merit. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.