■ DONALDSON FORTUNE, Plaintiff, v NEWMARK & COMPANY REAL ESTATE, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. CHARD'S CONTRACTING & MAINTENANCE CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [607 NYS2d 947] —Amended order and judgment (one paper), Supreme Court, Bronx County (Anita R. Florio, J.), entered August 10, 1992 in favor of plaintiff in the reduced sum of $2,261,136, upon a special jury verdict which, inter alia, apportioned liability 80% against defendants and third-party plaintiffs Newmark & Company Real Estate, Inc. and The Janco Company, 15% against third-party defendant Al Pettorini and 5% against third-party defendant Chard's Contracting & Maintenance Corp., unanimously modified, on the law, only to the extent of ordering a new trial solely on the issue of the apportionment of liability, with costs to abide the event, unless, within 20 days of service upon their attorneys of a copy of this Court's order with notice of entry, defendants and third-party plaintiffs Newmark & Company and The Janco Company and third-party defendant Chard's Contracting & Maintenance Corp., in a written stipulation to be served on all parties and filed in the office of the clerk of the trial court, agree to an apportionment of liability of 42½% to

Newmark and Janco and 42½% to Chard's in which event the order and judgment is otherwise affirmed, without costs, and the matter remanded to the trial court for a determination of the effect, if any, of such reapportionment on any settlements between the parties and entry of a further amended judgment.

Where plaintiff, who was employed by Chard's, the subcontractor hired by the general contractor Pettorini to replace certain windows on the fourth and seventh floors of a twelve story commercial building owned by Janco and managed by Newmark, suffered an eye injury as the combined result of the owner and general contractor's failure to erect a protective sidewalk bridge and Chard's failure to provide plaintiff with safety goggles as well as its method of removing the old windows by hammering out the glass and allowing glass splinters to fall to the sidewalk below where plaintiff was stationed to warn away passersby, the jury's apportionment of 80% liability against Janco and Newmark and only 5% against Chard's is against the weight of the evidence. Under the circumstances, we believe that an apportionment of liability of 42½% against Newmark and Janco and 42½% against Chard's, the window replacement specialist which, it appears, was solely in charge of supervising the actual work, as well as the 15% found by the jury against Pettorini, who apparently provided no supervision and who defaulted in appearing at trial, more reasonably reflects the reality of the situation, and we provide accordingly. Inasmuch as plaintiff has subsequently settled with Newmark and Janco for an undisclosed amount, in the event the relevant parties stipulate to our suggested reapportionment of liability, we remand the matter to the trial court to determine the effect, if any, of such reapportionment on any settlements between the parties.

As to the trial court's failure to charge the jury regarding Chard's duties pursuant to the applicable Industrial Code regulations, while it cannot be said to have deprived defendants-appellants of a fair trial, it may have adversely affected the jury's determination of apportionment of liability among the parties. In the event of a new trial, appropriate instructions on the issue should be given. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Tom, JJ.