◼ Susan J. Krembs, Appellant, v Elizabeth Wetherbee et al., Respondents. [613 NYS2d 722] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered April 26, 1993 in Ulster County, which denied plaintiff's motion to set aside a verdict rendered on the issue of liability.

This action arose out of a motor vehicle accident which occurred on Interstate Route 84 in the Town of Newburgh, Orange County, when plaintiff's automobile was struck in the rear by an automobile driven by defendant Elizabeth Wetherbee as plaintiff attempted to avoid a stopped tractor trailer operated by defendant Ralph A. Clemens. Following a jury trial, Supreme Court charged the jury regarding, *inter alia,* negligence, unsafe parking, speed unreasonable for conditions and the duty to keep a proper lookout, but declined plaintiff's request to charge that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent" (Vehicle and Traffic Law § 1129 [a]). The jury returned a verdict apportioning liability 50% against plaintiff, 40% against Wetherbee and 10% against Clemens. Plaintiff appeals asserting that Supreme Court erred in refusing to charge Vehicle and Traffic Law § 1129 (a).

Initially, we reject defendants' contention that there was no record evidence that would permit a jury to determine that Wetherbee was following plaintiff prior to the accident. There was such evidence and, thus, Supreme Court's failure to

charge the proscription provided for in Vehicle and Traffic Law § 1129 (a) was error *(see, e.g., Schiffer v Korman,* 40 AD2d 681). Nor are we persuaded that the failure to give the requested charge constitutes harmless error. Certainly, it could be argued that because defendants were found to be liable, Supreme Court's failure to charge Vehicle and Traffic Law § 1129 (a) did not deprive plaintiff of a fair trial. Such an argument ignores, however, the very real possibility that the failure to give the requested charge adversely affected the jury's apportionment of liability among the parties *(see, e.g., Fortune v Newmark & Co. Real Estate,* 202 AD2d 197; *compare, Hatzis v Queens Garden Co. II,* 201 AD2d 458; *Walczyk v Chresfield,* 52 AD2d 601, *affd* 42 NY2d 934). Apportionment contemplates an assessment of the degree of fault, and it follows that the more ways in which a party is at fault for the happening of an accident, the more culpable the party will be found to be. Thus, if it were determined that a party failed to keep a proper lookout, followed too closely and operated a motor vehicle at an excessive rate of speed, it cannot be seriously argued that the degree of responsibility would be greater than if the party had only operated the vehicle at an excessive rate of speed. Accordingly, this matter must be remitted for a new trial.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion to set aside the verdict granted and matter remitted to the Supreme Court for a new trial.