■ MYRIAM GIOVANNELLI, Appellant, v KEVIN F. GOTTLIEB et al., Respondents. [899 NYS2d 888]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered March 24, 2009, which, upon the denial of her motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence, upon a jury verdict in favor of the defendants and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and a new trial is granted.

The Supreme Court committed reversible error in failing to charge the jury with Vehicle and Traffic Law § 1129 (a), which provides, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway" (*see PJI 2:82A*). The evidence adduced at trial, that the defendant driver, Jennifer A. Gottlieb, was unable to safely stop her vehicle, which was proceeding at a speed of less than five miles per hour at the time, without striking the plaintiff's vehicle in the rear, war-

ranted such a charge (*see Krembs v Wetherbee*, 205 AD2d 917, 917-918 [1994]; *Schiffer v Korman*, 40 AD2d 681 [1972]; *see also Gamar v Gamar*, 114 AD2d 487 [1985]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.